UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CESAR PEREZ | No. 24 CR 577<br><br>Honorable Steven C. Seeger |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to this protective order and may be used by the defendant and defendant's counsel (defined as counsel of record in this case and their associates and staff) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed, consulted, or appointed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. The Materials shall not be copied or reproduced, except in order to utilize or provide copies of the Materials for use in connection with this case. Such copies and reproductions shall be treated in the same manner as the original Materials.

4. Notes or records of any kind that any individual makes in relation to the contents of the Materials are to be treated in the same manner as the Materials. Nothing in this provision shall impact the attorney-client privilege or work product doctrines, which also prohibit disclosure.

5. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information ("Sensitive Materials"), the unrestricted dissemination of which would adversely affect the privacy and safety of third parties. These Sensitive Materials shall be plainly marked as Sensitive Materials by the government prior to disclosure. No such Sensitive Materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed, consulted, or appointed to assist the defense, or the person to whom the Sensitive Materials information solely and directly pertains, without prior authorization from the Court (collectively, "sensitive authorized persons"). Absent prior permission from the Court, information marked as Sensitive Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal with leave of court (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and

directly to the defendant making the filing). While the information contained in the Sensitive Materials may be disclosed to the defendant, the Sensitive Materials and copies thereof may not be left in the possession of the defendant.

6. Before providing Materials to an authorized person or Sensitive Materials to a sensitive authorized person, defense counsel must provide the person with a copy of this Order.

7. To the extent any Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Material if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored. The United States may extend such time for return.

8. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be

disseminated or used in connection with any other matter without further order of the Court.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified Sensitive Materials as described in Paragraph 5, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Steven C. Seeger
United States District Judge

Date: April 22, 2025